UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LODGED
CLERK, U.S. DISTRICT COURT
JUN 2 2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

WILLIAM FREDERICK DURST, et al.,

        Plaintiffs,    ) Case No. 2:24-cv-08630 PA (AJRx)

) Hon. Percy Anderson

v.    ) Referred to Magistrate Judge A. Joel Richlin

UNIVERSAL MUSIC GROUP, INC., et al.,

        Defendants.

AMICUS CURIAE BRIEF OF JOSEPH A. REYNA / DREAMS OVER DOLLARS™

IN SUPPORT OF PLAINTIFFS

FOR STRUCTURAL TRANSPARENCY, COPYRIGHT ACCOUNTABILITY, AND JUDICIAL NOTICE OF SYSTEMIC ROYALTY FRAUD

## I. INTEREST OF AMICUS CURIAE

Joseph A. Reyna is the founder of Dreams Over Dollars™, a nonprofit public interest watchdog focused on advancing economic transparency and informational justice in the digital music economy. He has authored legal whitepapers, including "Before the Flood" and "Streaming Under Siege," and filed whistleblower complaints with the DOJ, FTC, SEC, and IRS concerning metadata fraud, royalty suppression, and collusive licensing practices. Reyna has previously submitted amicus briefs in related federal cases, including Drake v. UMG and Salt-N-Pepa v. UMG.

## II. SUMMARY OF ARGUMENT

This case implicates broad, systemic issues, including:

- Algorithmic suppression of content
- Redirection and suppression of royalties
- Metadata fraud and erasure of attribution
- Structural vertical monopoly between UMG and Spotify
- Violations of federal law (Sherman Act, Lanham Act, DMCA, FTC Act)
- Violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.)

Amicus submits this brief to preserve evidentiary materials and present structural documentation that supports systemic oversight. The harms identified are ongoing and impact public markets, artists, and consumer integrity.

III. EVIDENCE OF SYSTEMIC CONDUCT

A. Metadata Laundering and Attribution Fraud Evidence demonstrates that digital CMI fields are altered to reroute payments and obscure authorship, violating:

- 17 U.S.C. § 1202 (DMCA - falsification of Copyright Management Information)
- 15 U.S.C. § 1125(a) (Lanham Act - false designation of origin)
- Core contractual and ethical obligations

Public university contracts (Appendix D) show bundled licenses with UMG subsidiaries that facilitate market exclusion.

B. Algorithmic Payola and Suppression Spotify's Discovery Mode trades playlist inclusion for royalty discounts, a practice that:

- Functions as commercial bribery under FTC and common law standards
- Violates FTC Act § 5 (deceptive trade practices)
- Raises First Amendment issues through content-based suppression

FOIA inquiries to the FCC confirm jurisdiction but reveal delayed and denied responses, showing regulatory reluctance.

C. Vertical Monopoly Structure and Antitrust Implications UMG and Spotify's joint licensing and editorial control resembles structures prohibited by:

- United States v. Paramount Pictures, Inc., 334 U.S. 131 (1948)
- United States v. Microsoft Corp., 253 F.3d 34 (D.C. Cir. 2001)

Appendix D provides evidence of public institutions locked into sole-source UMG contracts, hindering competitive licensing ecosystems.

D. Whistleblower Retaliation and First Amendment Harms Amicus has received Glomar and denial responses to FOIA requests to the DOJ, SEC, FCC, and CMA, alongside retaliatory behaviors following filings. This pattern implicates First Amendment protections and discretionary suppression akin to Yick Wo v. Hopkins, 118 U.S. 356 (1886).

IV. LEGAL THEORIES FOR JUDICIAL NOTICE

- Public Nuisance Doctrine: systemic cultural suppression through algorithms
- Unjust Enrichment: redirected royalties benefitting DSPs and rights-holders
- Constructive Trust: equitable recovery for misrouted digital revenue
- Quasi-Public Forum Doctrine: algorithmic suppression of public interest works
- Constructive Bailment: platform abuse of artist-submitted metadata
- Rule 10b-5 Fraud by Omission: failure to disclose platform risks to investors
- State Escheatment Laws: unclaimed royalties due to metadata sabotage

V. RELIEF REQUESTED

Amicus respectfully requests that the Court:

1. Accept and docket this Amicus Curiae Brief;
2. Take judicial notice under Fed. R. Evid. 201(b)(2) of Exhibits A–F, Appendices D and E;

3. Preserve the full filing and metadata within the PACER system for evidentiary integrity;

4. Permit sealed or in-camera review of whistleblower-related or proprietary materials;

5. Refer these materials to the DOJ Antitrust Division and the Federal Trade Commission;

6. Designate this brief and its supporting materials as a matter of public interest for transparency and academic accessibility;

7. Permit supplemental briefing if the Court reopens discovery or invites further amicus input.

Respectfully submitted,

Dated: May 26, 2025

/s/ Joseph Anthony Reyna

Joseph Anthony Reyna,

Pro Se Founder,

Dreams Over Dollars™

5900 Balcones Dr. #16077

Austin, TX 78731

WhiteHat@JoeCattt.com

(956) 202-5580

20

Dreams Over Dollars
5900 Balcones Dr. #16077
Austin, Texas 78731



9589 0710 5270 2919

CERTIFIED MAIL

RECEIVED
CLERK, U.S. DISTRICT COURT
JUN -2 2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Clerk of Court
U.S. District Court for the Ce
312 North Spring Street
Los Angeles, CA 90012





Retail

90012

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
BUDA, TX 78610
MAY 28, 2025

**$8.56**

S2324H500533-11

ntral District of California

lexander v. Hall, 64 F.R.D. 152, 155 C.D.S.C. 19

